United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GIOVANNY HERNAN ORTEGA,
Plaintiff,

v.

POLLY KAISER, et al.,
Defendants.

Case No. 25-cv-05259-JST

**ORDER TO SHOW CAUSE WHY PRELIMINARY INJUNCTION SHOULD NOT BE VACATED**

Petitioner-Plaintiff Giovanny Hernan Ortega filed an amended petition for writ of habeas corpus and complaint for declaratory and injunctive relief on June 25, 2025. ECF No. 10. The same day, he also filed an amended motion for temporary restraining order, seeking to prevent defendants "from re-detaining Petitioner-Plaintiff as ordered herein." ECF No. 11. The Court granted the temporary restraining order on June 26, 2025, finding that "Ortega is likely to suffer irreparable harm in the absence of a temporary restraining order" without explaining its basis for finding such harm "likely." ECF No. 14 at 7–8. The Court set the matter for hearing on the issuance of a preliminary injunction on July 7, 2025 and ordered the government to respond to Ortega's motion by June 30, 2025. *Id.* at 10.

In its response, the government challenged the Court's jurisdiction to entertain the motion. ECF No. 18 at 13. The government argued that Ortega "is not in physical custody and is not challenging restraints on his freedom" and thus does not present a valid habeas claim. ECF No. 18 at 13. The Court rejected this argument as follows:

> As Ortega notes, however, the Supreme Court has held that "habeas corpus relief is not limited to immediate release from illegal custody, but . . . is available as well to attack future confinement and obtain future releases." ECF No. 19 at 6 (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973)). Moreover, as Ortega points

> out, in addition to his requests for habeas relief, "he also pleaded federal question jurisdiction." ECF No. 19 at 7. A district court has authority "both to entertain . . . constitutional challenges and to grant injunctive relief" where a plaintiff's "due process claims arise under the Constitution, and [a plaintiff] invoke[s] 28 U.S.C. § 1331, which provides subject matter jurisdiction irrespective of the accompanying habeas petition." *Roman v. Wolf*, 977 F.3d 935, 941 (9th Cir. 2020). Accordingly, the Court finds that Ortega presents a valid habeas claim, and even if he did not, the Court maintains federal question jurisdiction over his claims.

ECF No. 23 at 4–5. The Court issued a preliminary injunction.

Upon reflection, the Court believes it likely erred in finding jurisdiction, because Ortega was not in physical custody and he was not challenging his confinement.[1] Accordingly, the Court lacked jurisdiction over his habeas petition. "A federal court lacks jurisdiction over a habeas petition where the petitioner is not 'in custody' or 'suffers no present restraint from a conviction.'" *Hinojosa v. Superior Ct.*, No. SA CV 12-1294 MRW, 2013 WL 812688, at *2 (C.D. Cal. Mar. 4, 2013) (quoting *Maleng v. Cook,* 490 U.S. 488, 492 (1989)).

To the extent that Ortega's amended complaint alleged claims not grounded in habeas, the Court likely lacked jurisdiction over his request for injunctive relief for the separate reason that it was not ripe because Ortega faced no imminent threat of detention. As a colleague court has explained:

> Even if Petitioner adequately alleged custody, the court would find that Petitioner fails to adequately demonstrate he is challenging his confinement. Here, Petitioner does not challenge the lawfulness of his alleged custody. Rather, Petitioner challenges his *potential* confinement absent a pre-deprivation hearing before a neutral adjudicator. Petitioner's concern about re-detention stems from Respondents indication that they *may possibly* re-detain Petitioner at a future in-person appointment that the ISAP scheduled. Based on the record in this case, the court would not find that Petitioner adequately demonstrates a challenge to his custody. *See Pinson*, 69 F.4th at 1065; *id.* at 1073 ("Because this claim neither goes to the

---

[1] *Preiser*, which involved claims by "state prisoners who were deprived of good-conduct-time credits by the New York State Department of Correctional Services as a result of disciplinary proceedings," does not change this conclusion. 411 U.S. at 476. There, the petitioners were presently confined and challenged the legality of any further detention past their conditional-release date. *Id*. at 487. Restoration of their good-time credits would result in their immediate release from physical custody. *Id*. And *Peyton v. Rowe*, cited in *Preiser*, is likewise inapposite. In that case, the Court entertained a habeas challenge to a future sentence because "a prisoner serving consecutive sentences is 'in custody' under any one of them for purposes of" the federal habeas statute. 391 U.S. 54, 67 (1968).

> fact of Sands's confinement nor would require immediate release if successful, it is outside the core of habeas."); *Skinner v. Switzer*, 562 U.S. 521, 525 (2011) ("Habeas is the exclusive remedy ... for the prisoner who seeks immediate or speedier release from confinement. Where the prisoner's claim would not necessarily spell speedier release, however, suit may be brought under § 1983." (citation modified)); *Wilkinson v. Dotson*, 544 U.S. 74, 86 (2005) (Scalia, J., concurring) (contending that characterizing a claim contemplating "relief that neither terminates custody, accelerates the future date of release from custody, nor reduces the level of custody" as lying "at the 'core of habeas' would utterly sever the writ from its common-law roots").

*J.P. v. Santacruz*, No. 8:25-CV-01640-FWS-JC, 2025 WL 2633198, at *3 (C.D. Cal. Aug. 27, 2025) (footnotes and record citations omitted).

For these reasons, the Court likely erred in issuing a temporary restraining order and preliminary injunction. By August 6, 2026, Ortega shall show cause in writing why the preliminary injunction should not be vacated. Defendants shall file a response by August 13, 2026. At that time, the order to show cause will go under submission without a hearing unless the Court orders otherwise.

**IT IS SO ORDERED.**

Dated: July 27, 2026

JON S. TIGAR
United States District Judge